# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-51164
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

FRANCISCO PEREZ

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
No. 3:08-CR-460-8

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Francisco Perez pled guilty to counts 1 and 2 of a 13-count indictment charging him with conspiracy to possess with intent to distribute cocaine and conspiracy to possess with intent to distribute marijuana and aiding and abetting. Perez appeals his sentence, arguing that the district court erred by increasing his sentencing guidelines offense level by two, pursuant to U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3B1.1(c) because he was an organizer, leader, manager, or supervisor of at least one participant in the criminal activity.

We review factual findings under the clearly erroneous standard and accord great deference to the trial judge's application of the sentencing guidelines to the facts.[1] In determining a defendant's role in the offense, "a district court may adopt the facts contained in a PSR without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable."[2] Perez did not introduce rebuttal evidence during the sentencing hearing.

We cannot find that the district court clearly erred in enhancing Perez's offense level pursuant to § 3B1.1(c). Perez concedes that he hired others to load and drive drugs in connection with three drug transactions, facts making it plausible that he had a role as a supervisor or manager in the transactions.[3]

AFFIRMED.

---

[1] *U.S. v. Posada-Rios*, 158 F.3d 832, 877 (5th Cir. 1998).

[2] *U.S. v. Cabrera*, 288 F.3d 163, 173–74 (5th Cir. 2002).

[3] *See U.S. v. Aguilar*, 237 F. App'x 956, 959–60 (5th Cir. 2007) (affirming a § 3B1.1 enhancement on the basis that the defendant had employed another person as a runner).